IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Christy Baggett, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Enhanced Recovery Company, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1. Plaintiff, Christy Baggett, is a natural person who resides in Hall County, Georgia.

2. Defendant, Enhanced Recovery Company, hereinafter referred to as "ERC" is a corporation authorized to do business in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Atlanta, Georgia 30092.

1

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division as the Defendant maintains a Registered Agent in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of mobile phone service and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant markets itself on its website as "ERC, in its collection space, works on behalf of a number of different creditors. We work with clients from many industries including telecommunications, utilities, banks, cable companies, financial service providers, student loans, etc. ERC is contracted by creditors and in some instances debt purchasers." See, *www.ercbpo.com/help/who-is-erc/*. Last visited 09/28/2021.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has fallen behind on a significant number of consumer debts over the last few years.

14. In an effort to obtain greater knowledge of her financial condition and control over her accounts, the Plaintiff obtained copies of her credit report as published by Transunion, Experian, and Equifax on April 16th, 2021.

15. In reviewing her credit the Plaintiff noted an account reported by the Defendant with which she was not familiar.

16. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

17. On or about April 23rd, 2021 Plaintiff initiated a call to Defendant to obtain more information.

18. The Plaintiff's call was answered by Defendant and she was connected with an individual identifying himself as Ron Williams. The Plaintiff advised that she was calling to get information about an account that appeared on her credit report.

19. After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting an account assigned by Sprint with a balance of $1,061.66. The Defendant immediately asked how the Plaintiff wanted to resolve this account giving her the choice of a check by phone or debit card.

20. The Plaintiff advised that she was simply trying to get information and to verify that the accounts she had in collection were accurate.

21. The Defendant advised that it had received the amount owed and balance previously disclosed from Sprint as a final bill. The Defendant further

advised the Plaintiff that its records show that the account was opened by Plaintiff on August 5th, 2009 and went into default on December 9th, 2014.

22.     The Defendant then told Plaintiff that the Defendant could give her "a good settlement." Mr. Williams continued, emphasizing that he could work with the Plaintiff and close the account as a settlement.

23.     The Plaintiff responded that at that particular moment, she was simply trying to determine what she owed so that she could establish a budget.

24.     The Defendant responded that he understood and appreciated the Plaintiff's intentions and attempted to convince the Plaintiff to set up a payment arrangement.

25.     The Plaintiff responded that she could not establish a payment arrangement at that moment. The Defendant explored other methods of collection against the Plaintiff including any pending tax refunds she might be due and the conversation ended soon thereafter.

26.     For several weeks, Plaintiff ruminated and worried over how much money she might be able to raise to take advantage of the settlement Defendant described.

27.     Based on her personal experience and the ordinary usage of the term "settle" related to her other consumer debt the Plaintiff understood this to mean that

the claim being collected by the Defendant was in suit or subject to suit thus generating a "settlement offer".

28.   Per the Defendant, the account in collection by the Defendant and which is the subject of its reporting to her credit report and its offer of a settlement was a transaction that occurred that went into default on December 9th, 2014.

29.   The account in collection with the Defendant and which is the subject of its efforts and communications with the Plaintiff was a breach of contract claim and subject to a statute of limitations of no more than six years per O.C.G.A. § 9-3-24.

30.   Upon information and belief, the statute of limitations applicable to the Defendant's claim expired no later than December 9th, 2020.

31.   A communication from a creditor offering a "settlement" on a debt that is time-barred creates confusion about a creditor's right to sue and violates § 1692e(2)(A).  *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015) *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016)

32.   An offer to 'resolve' a time-barred debt, combined with a deadline to accept the reduced-payment offer and a warning that the offer might not be renewed if payment is not timely made has been found to plausibly deceive or mislead an unsophisticated consumer as to the legal status of the debt, even in the absence of an

express threat of litigation. *Holzman v. Malcolm S. Gerald & Associates, Inc.*, 920 F.3d 1264, 1271 (11th Cir. 2019)

33. Accordingly, the Defendant's claim is not subject to enforcement through legal action. Whether a debt is barred by an applicable statute of limitations is fundamental to the debt's character and legal status. *See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1260 (11th Cir. 2014)* (explaining the significance to debtors of statutes of limitations in determining a debt's legal status), *cert. denied*, 135 S. Ct. 1844, 191 L. Ed. 2d 724 (2015).

34. Under Georgia law, were the Plaintiff to make a partial payment via a writing acknowledging the debt, a check or money order for example, it could have the effect of reviving what is currently an expired statute of limitations thus exposing the Plaintiff to legal action on the debt.

35. At no time during their communications did the Defendant advise the Plaintiff that the applicable statute of limitations had expired or that it could be revived as a result of Plaintiff complying with its requests to begin partial payments.

## INJURIES-IN-FACT

36. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

37. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

38. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

39. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

40. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered the Plaintiff from making the necessary decisions regarding the prioritization of her debt; the false and misleading representations for the Defendant caused the Plaintiff to waste time and worry about the settlement of what we now know was an unenforceable debt.

41. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

42. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

d.) Anxiety and worry caused by concern that Plaintiff was "missing out" on a settlement opportunity and thus remaining subject to legal process. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692e and its subparts*

43. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

44. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

45. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

46. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

47. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

48. Defendant's representations or implications that led Plaintiff to believe that she may be subject to legal process in connection with the debt in collection was objectively false and or materially misleading as the debt was time-barred under Georgia law. Defendant's representations or implications were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10).

49. Defendant's attempts to induce Plaintiff to make partial payments on an out-of-statute debt without disclosing its status as time-barred without disclosing that fact misled Plaintiff as to the character or legal status of his or her debt, thus violating 15 U.S.C. § 1692e(2)(A). See, *Palmer v. Dynamic Recovery Sols., LLC*, No. 6:15-cv-59-Orl-40KRS, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016).

50. Although this nondisclosure is itself sufficient to violate the FDCPA, the letters go one step further by asking the consumer to "settle" his or her account. Such settlement offers serve only to compound confusion over the debt's true character or legal status, as a consumer researching what "settlement" means would

reasonably find the dictionary's definition of the term: "an act of bestowing or giving possession under legal sanction." *Settlement*, Merriam-Webster, *http://www.merriam-webster.com/dictionary/settlement* (last visited November 1, 2020); *see also Settlement*, Black's Law Dictionary (10th ed. 2014) (defining the term to mean "[a]n agreement ending a dispute or lawsuit"). Consequently, the dunning letter in this case is misleading by failing to disclose that the debt it seeks to collect is time-barred and by giving the false impression that Defendant could sue to enforce the debt. *Palmer v. Dynamic Recovery Sols., LLC*, No. 6:15-cv-59-Orl-40KRS, 2016 U.S. Dist. LEXIS 59229 (M.D. Fla. May 4, 2016).

51. Defendant's representations and entreaties were a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10). *See*, *Lopera v. Midland Credit Mgmt., Inc.*, 2016 WL 6650744 (M.D. Fla. Nov. 10, 2016) (denying dismissal of §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f claims based on letter offering to "resolve your unpaid" debt through payment plan, without disclosing that statute of limitations could be revived by partial payment or agreement to pay).

### *Violations of 15 U.SC. § 1692f and its subparts*

52. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

53. Defendant's conduct violated 15 U.S.C. § 1692f.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 30th day of September, 2021.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*